(No. 31865.

THE PEOPLE *ex rel.* Glen Morgan *et al.,* Appellees, *vs.* THE VILLAGE OF BERKELEY *et al.,* Appellants.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

LOUIS SWIDLER, of Chicago, (ODE L. RANKIN, of counsel,) for appellants.

McKinley, Price & Appleman, of Chicago, (William McKinley, Paul E. Price, and Francis C. Sullivan, of counsel,) for appellees.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiffs, appellees here, as taxpayers and citizens of the village of Berkeley, in Cook County, filed an action in *mandamus* in the circuit court of that county to compel the defendant village and its officers to contract with the Hillside-Berkeley water commission to supply water to the village of Berkeley. The complaint was amended by addition of count two, verified, and which sought a declaratory judgment determining the rights and obligations existing between the village of Berkeley, the village of Hillside and their respective officers, and the Hillside-Berkeley water commission. The village of Berkeley answered and the cause in *mandamus* under count one of the complaint was ordered to stand continued for further proceedings. Plaintiffs moved to strike the answer to count two and for a declaratory judgment and the motion was sustained. Judgment was entered declaring that by its action in joining with the village of Hillside in the creation and establishment of the Hillside-Berkeley water commission, the defendant village of Berkeley was under a duty to contract with the water commission for a water supply for its inhabitants. On appeal, the Appellate Court affirmed the circuit court.

The case below was heard on the pleadings only, which, in substance, reveal the following factual situation: The village of Berkeley and the village of Hillside in Cook County, whose corporate limits abut upon each other's, enacted identical ordinances in 1948, providing for the joint acquisition and operation of a common water supply, under the provisions of article 81 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1949, chap. 24, pars. 81-1 *et seq.*)

The ordinances provided in their preambles that the water supplies of the villages were inadequate, and that it was to the best interests of the villages to secure for themselves a common source of water supply, and that a new water main be constructed to connect with the water system of the village of Melrose Park and supply water to Berkeley and Hillside from the city of Chicago. The ordinances then provided for the appointment of commissioners to act as members of the "Hillside-Berkeley Water Commission with the powers and duties as prescribed in the act referred to in the preamble hereof."

Section 81-1 of the Revised Cities and Villages Act provides, in part, "Any two or more municipalities may acquire either by purchase or construction a waterworks system or a common source of supply of water, or both, and may operate jointly a waterworks system or a common source of supply of water, or both, and improve and extend the same, as provided in this article." The statute further provides, in substance, that municipalities desiring to avail themselves of the provisions of this article shall adopt a resolution or ordinance determining and electing to acquire and operate jointly a waterworks system or common source of supply of water.

To effect such purpose, the statute then provides for the creation of a water commission, composed of one commissioner for each municipality, to be appointed by the mayor or president thereof with approval of the respective corporate authorities, and one commissioner to be appointed by the judges "in bank" of the circuit court of the circuit in which the municipalities are situated.

Section 81-3 of the Revised Cities and Village Act confers upon the commission full and complete supervision, management and control of the waterworks system or common source of water supply and authorizes the commission to contract with the municipalities which established it for a supply of water to them. Section 81-4 of the same act

authorizes the water commission to issue revenue bonds, "For the purpose of acquiring such a waterworks system or common source of supply of water, or both, * * *." This section further provides that such bonds shall be payable solely from the revenue to be derived from any contracts with the municipalities, and that the bonds shall not constitute an indebtedness of any of the municipalities represented by the commission.

The complaint, in count two, alleges, without being controverted, that the village of Berkeley and the village of Hillside, by proper ordinances, followed by due appointment of their respective commissioners and appointment of a commissioner by the circuit court, created and established the Hillside-Berkeley water commission; that the commission has entered into a contract with the village of Hillside for the supply of water to it, subject to the village of Berkeley entering a similar contract, and that a contract of similar tenor has been proposed by the commission to the village of Berkeley; that the village of Berkeley, its officers and trustees, maintain they are under no duty to enter into any such contract and have refused to accept the proposed contract.

The answer of the village of Berkeley and its officers to count two of the complaint, which answer was stricken below for insufficiency to state a defense, alleges, in substance, that the proposal of the commission is that the commission purchase from the village of Melrose Park, water pumped from Lake Michigan by the city of Chicago and supplied to Melrose Park; that such proposal would necessarily require a water line through or around the village of Bellwood and that it would be to the advantage of the villages of Hillside and Berkeley to permit the village of Bellwood to join in a three-village water commission.

The answer also asserts that although the village of Berkeley joined in the creation of the Hillside-Berkeley water commission, it did not at any time approve or accept

any plan of the commission for acquiring any source of water supply; that the statute purports to give the village of Berkeley the right to approve, in the first instance, any proposed plan of the commission, and after such approval to contract with the commission; that the village of Berkeley has improved its water system so that it is adequate for its needs and that it is to the best interests of the village to reject the contract proposed by the water commission.

Appellants take the position that neither the village of Berkeley nor the village of Hillside created or ordained the acquisition of any particular common source of water supply, nor directed such acquisition by the Hillside-Berkeley water commission and, until such common source of water supply has been established by the joint action of the two villages, the village of Berkeley may withdraw from the project.

The sole substantial question is whether the village of Berkeley is under a duty to contract with the water commission for a water supply for its inhabitants.

Appellants do not contend that any defect exists, either in the ordinances of the two villages or in the organization or status of the Hillside-Berkeley water commission. They contend, first, that the village of Berkeley did no more by its ordinance than to elect to acquire jointly with the village of Hillside a common source of water supply; that it never effected the ordinance by acquiring any such common source of water supply nor did the village of Berkeley ever direct or ordain such acquisition by the commission; that before any powers accrue to the commission the participating municipalities must first carry out their election to acquire a common source of water supply.

Examination of the provisions of article 81 of the Revised Cities and Villages Act fails to disclose any provision that the participating municipalities are to first acquire the water supply before the other provisions of the statute become effective. In fact, it appears by clear implication that

the villages are not to acquire such facilities by their own direct action. Section 81-4 of the act provides expressly that the water commission is authorized to issue revenue bonds for the purpose of acquiring a common source of supply of water and that such bonds shall not constitute an indebtedness of the municipalities represented in the commission. No other means of acquiring such facilities is provided for in the statute. We fail to see how there could be any ground for the contention made here that the villages and not the commission are to acquire the water supply and that the commission has no powers beyond supervision, management and control of facilities first acquired directly by the villages.

The contention that the ordinance enacted by the village of Berkeley was no more than a declaration of policy in regard to a common source of water is likewise unfounded. An examination of that ordinance reveals that, in its preamble, specific reference is made to article 81 of the Revised Cities and Villages Act, and the ordinance is adopted in order to qualify the participating villages for the operation of that statute. The preamble also expressly states that it is to the best interests of the two villages that a new water main be constructed to supply the villages by connecting with the waterworks system of the village of Melrose Park and securing water directly from the city of Chicago. The ordinance then provides in section 2 thereof, ."That pursuant to the terms of the act referred to in the preamble hereof this President and Board of Trustees of the Village of Berkeley, Cook County, Illinois, do hereby elect and determine to acquire and operate jointly with the village of Hillside, Cook County, Illinois, a common source of supply of water." It would seem the ordinance does not purport to do any more than bring the two villages within the operation of the statute and there is no ground for the contention that the ordinance was no more than a declaration of policy.

The contention of appellants that the village of Berkeley elected to do no more than co-operate with the village of Hillside and did not surrender its discretionary power to accept or reject the proposed contract, which proposes to supply water obtained from the water system of Melrose Park, is likewise contradicted by the express words of the ordinance. The ordinance, in its preamble, provides "it being for the best interest of the village of Berkeley and the village of Hillside that a new water main be constructed of sufficient size to provide an adequate water supply for said villages by connecting with the waterworks system of the village of Melrose Park, * * *." It is apparent the plan contemplated by the ordinance is precisely that of the proposed contract.

Appellants strenuously contend that the preamble is no part of the ordinance and that no effect can be given to it. The citations urged to support that contention amply support the contrary. In *Edwards* v. *Pope,* 3 Scam. 465, at 470, it was said, "The preamble to a statute is no part of the act; still it may assist in ascertaining the true intent and meaning of the legislature." Reading the ordinance, together with its reference to the preamble, there can be little doubt that the village of Berkeley thereby intended to provide, jointly with the village of Hillside, a common source of water supply by the operation of article 81 of the Revised Cities and Villages Act.

The record reveals that the village of Berkeley joined with the village of Hillside in the establishment of the Hillside-Berkeley water commission for the purpose of obtaining for the villages a common source of supply of water. The village of Hillside has entered into a contract with the commission for a supply of water. It is apparent that the commission cannot carry on its functions as intended by the villages without the support of revenue from both and that to permit the village of Berkeley to withdraw from the joint undertaking would impose a burden upon

the village of Hillside not contemplated when the water commission was created.

The action of the village of Berkeley in joining with the village of Hillside in the creation of the water commission invoked the operation of article 81 of the Cities and Villages Act. The ordinances of the two villages, having brought them within the provisions of that statute, imposed upon the villages the obligations of the statute. To permit one to withdraw effectually destroys the purpose of the statute and invades the right of the other to have the common source of water supply to which it is entitled.

In accordance with the views heretofore expressed, we are of the opinion the lower court was correct in its determination, and the judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Gunn, dissenting.